

1  Dawn M. Knepper, CA Bar No. 208862
   dawn.knepper@ogletreedeakins.com
2  John P. Migliarini, CA Bar No. 266920
   john.migliarini@ogletreedeakins.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
4  695 Town Center Drive
   Costa Mesa, CA  92626
5  Telephone:  714.800.7900
   Facsimile:  714.754.1298
6
   Attorneys for Defendant SSC TARZANA OPERATING
7  COMPANY LP d/b/a TARZANA REHABILITATION
   CENTER
8

```
                              FILED
                   CLERK, U.S. DISTRICT COURT

                         OCT - 3 2013

                   CENTRAL DISTRICT OF CALIFORNIA
                   BY                       DEPUTY
```

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

12  ELVIAR ANTENOR, an individual,        Case No.

13            Plaintiff,                  CV13-7336DMG (SHx)

14       vs.

15  SSC TARZANA OPERATING                 **DEFENDANT'S NOTICE OF**
    COMPANY LP d/b/a SAVA SENIOR          **REMOVAL**
16  CARE, TARZANA
    REHABILITATION CENTER, a
17  Delaware Corporation; and DOES 1
    through 100, inclusive,
18                                        Complaint Filed:  July 19, 2013
            Defendants.                   Trial Date:       None Set
19

20

21

22

23

24

25

26

27

28

16626216_1.doc

DEFENDANT'S NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT,** pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant SSC TARZANA OPERATING COMPANY LP, incorrectly named as SSC TARZANA OPERATING COMPANY LP d/b/a SAVA SENIOR CARE, TARZANA REHABILITATION CENTER ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California and in furtherance of this removal asserts:

1.      On or about July 19, 2013, Plaintiff Elviar Antenor ("Plaintiff"), filed a Civil Complaint (the "Complaint") in the Superior Court of the State of California, County of Los Angeles, entitled <u>Elviar Antenor vs. SSC Tarzana Operating Company LP d/b/a Sava Senior Care, Tarzana Rehabilitation Center</u>, Case No. BC515789.  True and correct copies of the (a) Summons, (b) Complaint, (c) Civil Case Cover Sheet, (d) Civil Case Cover Sheet Addendum, (e) Minute Order re Plaintiff's Peremptory Challenge and Reassignment, (f) ADR information, (g) Plaintiff's Notice of Change of Address or Other Contact information, and (h) Peremptory Challenge by Defendant SSC Tarzana Operating Company d/b/a Tarzana Rehabilitation Center Pursuant to Civil Procedure Section 170.6; Declaration of John Migliarini in Support are attached hereto as Exhibit "A."

2.      Defendant received the Summons and Complaint on August 13, 2013. Service was complete on September 3, 2013, when Defendant completed and served the Notice and Acknowledgement of Receipt – Civil, pursuant to Section 415.3 of the California Code of Civil Procedure.   A true and correct copy of the Notice and Acknowledgment of Receipt is attached hereto as Exhibit "B."

3.      The Complaint asserts claims for the following causes of actions:  (1) Disability Discrimination in Violation of Government Code § 12940 et seq. (FEHA);

1   (2) Retaliation in Violation of Government Code § 12940 *et seq*. (FEHA); (3) Failure

2   to Accommodate in Violation of Government Code § 12940 *et seq*. (FEHA); (4)

3   Failure to Engage in the Interactive Process in Violation of Government Code

4   § 12940 (FEHA); (5) Failure to Prevent Discrimination in Violation of Government

5   Code § 12940 *et seq*. (FEHA); (6) Wrongful Termination in Violation of

6   Government Code § 12940 *et seq*. (FEHA); (7) Wrongful Termination in Violation

7   of Public Policy; (8) Negligent Retention; (9) Failure to Provide Leave in Violation

8   of the California Family Rights Act ("CFRA") and Family Medical Leave Act

9   ("FMLA"); (10) Failure to Allow Employee Meal and Rest Breaks in Violation of

10  Labor Code §§ 226.7 and 512; (11) Failure to Pay Overtime Compensation in

11  Violation of Labor Code § 1194; (12) Failure to Pay Earned Wages in Violation of

12  Labor ode §§ 204, 206, 210, 218.5, and 218.6; (13) Waiting Time Penalties; and (14)

13  Unfair Competition Pursuant to Business and Professions Code § 17200, *et seq*.

14      4.      Defendant timely filed an Answer to the Complaint in Los Angeles

15  County Superior Court on October 2, 2013.  A copy of the Answer is attached hereto

16  as Exhibit "C."  Other than the foregoing pleadings, Defendant is unaware of there

17  being any other documents on file with the Los Angeles County Superior Court in

18  this action.

19      5.      This Notice of Removal is timely filed within 30 days of service of the

20  Summons and Complaint upon Defendant.

21      6.      Venue is Proper.   The Superior Court of California, Los Angeles

22  County, is located within the Central District of California, Western Division.

23  Therefore, venue for the purposes of removal is proper pursuant to 28 U.S.C. § 84(a)

24  because the Central District of California, Western Division, is the "district and

25  division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

26      7.      This Court has Jurisdiction.   Pursuant to 28 U.S.C. § 1331 and 28

27  U.S.C. § 1441(c), this Court has jurisdiction over this action on the basis of federal

28

3

DEFENDANT'S NOTICE OF REMOVAL

16036310_1.doc

1  question jurisdiction.  This Court also has supplemental jurisdiction over Plaintiff's
2  state law claims pursuant to 28 U.S.C. § 1367.

3  **I.     JURISDICTION EXISTS UNDER 28 U.S.C. § 1331, 28 U.S.C. § 1441(c),**
4  **and 28 U.S.C. § 1367(A).**

5      8.     The instant case is a civil action over which this Court has original
6  jurisdiction under the provisions of 28 U.S.C. § 1331, and is one that may be
7  removed by Defendant pursuant to 28 U.S.C. § 1441(c).

8      9.     Plaintiff's ninth cause of action against Defendant is made under the
9  Family Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), a federal statute,
10 and alleges that Defendant interfered with Plaintiff's ability to take FMLA leave and
11 violated her rights under FMLA pursuant to 29 C.F.R. 825 et seq.  Thus, this claim
12 arises "under the Constitution, laws, or treaties of the United States," 28 U.S.C.
13 § 1331, and is a claim "of which the district courts of the United States have original
14 jurisdiction." 28 U.S.C. 1441(c).

15     10.    Plaintiff's other causes of action against Defendant are made under
16 California state law, and are based on the same facts as Plaintiff's FMLA claim.

17     11.    Pursuant to 28 U.S.C. § 1441(c), whenever a claim or cause of action is
18 brought under a federal law for which this Court has original jurisdiction, and is
19 joined with one or more otherwise non-removable claims or causes of action, the
20 entire case may be removed.

21     12.    Additionally, pursuant to 28 U.S.C. § 1367(a), this Court has
22 supplemental jurisdiction over Plaintiff's state law claims because those claims arise
23 from the "same case or controversy" as Plaintiff's FMLA claim.  *See also, Emich v.*
24 *Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988) ("The doctrine of pendent
25 jurisdiction [i.e. supplemental jurisdiction], in turn, permits the district court to
26 adjudicate factually related state claims in cases raising federal questions, whenever
27 the federal law claims and state law claims derive from a common nucleus of
28 operative fact.") (internal citations omitted).

DEFENDANT'S NOTICE OF REMOVAL

16036310_1.doc

1  **II.    REQUIREMENTS OF 28 U.S.C. § 1446 ARE FULFILLED**

2       13.    As required by 28 U.S.C. 1446(a), this Notice contains a copy of all

3  process, pleadings, and orders served upon Defendant in this action.

4       14.    As required by 28 U.S.C. §1446(b), this Notice is filed within 30 days

5  after any defendant in this matter was first served with a copy of the Summons and

6  Complaint.

7       15.    As required by 28 U.S.C. §1446(d), Defendant will give notice of this

8  removal to Plaintiff through her attorneys of record, and a copy of this Notice will be

9  filed with the Superior Court of the State of California in and for the County of Los

10  Angeles.

11       16.    In the event this Court has a question regarding the propriety of this

12  Notice of Removal, Defendant requests that it issue an Order to Show Cause so that

13  it may have an opportunity to more fully brief the basis for this removal.

14       Accordingly, Defendant removes the above-entitled action to this Court.

15

16  DATED:  October 3, 2013                OGLETREE, DEAKINS, NASH,
                                           SMOAK & STEWART, P.C.
17

18

19                                         By: _____
20                                            Dawn M. Knepper
                                             John P. Migliarini
21
                                           Attorneys for Defendant,
22                                         SSC TARZANA OPERATING
                                           COMPANY LP d/b/a TARZANA
23                                         REHABILITATION CENTER

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** SSC TARZANA OPERATING COMPANY LP d/b/a
*(AVISO AL DEMANDADO):* SAVA SENIOR CARE, TARZANA
REHABILATION CENTER, a Delaware Corporation; and DOES 1 through 100,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** ELVIAR ANTENOR, an individual
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**CONFORMED COPY**
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUL 19 2013

John A. Clarke, Executive Officer/Clerk

By LA TRESE JOHNSON, Deputy

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of Los Angeles
111 North Hill Street
Los Angeles, California  90012

CASE NUMBER:
*(Número del Caso):* B C 5 1 5 7 8 9

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Joseph M. Lovretovich, Ellen E. Cohen; Tiffany Lee
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
JML Law, APLC
5941 Variel Avenue, Woodland Hills CA 91367                      818-610-8800

DATE:  JUL 19 2013            John A. Clarke     Clerk, by     L. JOHNSON            , Deputy
*(Fecha)*                                        *(Secretario)*                        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

JUL 19 2013

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)         ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

Exhibit A
Page 7

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5941 VARIEL AVENUE
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030
JOSEPH M. LOVRETOVICH, STATE BAR NO. 73403
ELLEN E. COHEN, STATE BAR NO. 258131
TIFFANY LEE, STATE BAR NO. 281110

Attorneys for Plaintiff: ELVIAR ANTENOR

**FILED**
LOS ANGELES SUPERIOR COURT
JUL 19 2013
JOHN A. CLARKE, CLERK
BY L. JOHNSON, DEPUTY

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

ELVIAR ANTENOR, an individual,

    Plaintiff,

vs.

SSC TARZANA OPERATING COMPANY LP d/b/a SAVA SENIOR CARE, TARZANA REHABILITATION CENTER, a Delaware Corporation; and DOES 1 through 100, inclusive,

    Defendants.

Case No.: **BC 515789**

**COMPLAINT FOR:**

1. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA);**
2. **RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA);**
3. **FAILURE TO ACCOMMODATE IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. [FEHA];**
4. **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. [FEHA];**
5. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA);**

D12 Barbara A. Meiers

1
COMPLAINT

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

6. **WRONGFUL TERMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ. (FEHA); AND**

7. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**

8. **NEGLIGENT RETENTION;**

9. **FAILURE TO PROVIDE LEAVE IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA") AND FAMILY MEDICAL LEAVE ACT ("FMLA");**

10. **FAILURE TO ALLOW EMPLOYEE MEAL AND REST BREAKS IN VIOLATION OF LABOR CODE §§ 226.7 AND 512;**

11. **FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF LABOR CODE § 1194;**

12. **FAILURE TO PAY EARNED WAGES IN VIOLATION OF LABOR CODE §§ 204; 206; 210; 218.5; AND 218.6;**

13. **WAITING TIME PENALTIES; AND**

14. **UNFAIR COMPETITION PURSUANT TO BUSINESS AND PROFESSIONS CODE §17200, ET SEQ.**

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiff ELVIAR ANTENOR hereby brings her complaint against the above-named Defendants and states and alleges as follows:

<u>**PRELIMINARY ALLEGATIONS**</u>

1.   At all times mentioned herein, and at the time each of Plaintiff's causes of action arose, Plaintiff ELVIAR ANTENOR (hereinafter "Plaintiff") was an individual, residing in the State of California, County of Los Angeles, and at all relevant times was employed by Defendant SSC TARZANA OPERATING COMPANY LP d/b/a SAVA SENIOR CARE, TARZANA REHABILITATION CENTER (hereinafter "Defendant SAVA") in the State of California, County of Los Angeles.

2.   Plaintiff is informed, believes, and based thereon alleges that Defendant SAVA is a Delaware corporation employing more than five-hundred (500) people; was at all times mentioned in this Complaint duly licensed to do business; and was and is doing business, under and by virtue of the laws of the State of California, County of Los Angeles.

Exhibit A
Page 9

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

3. Plaintiff is unaware of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and for that reason sues said Defendants by such fictitious names. Plaintiff will file and serve an amendment to this Complaint alleging the true names and capacities of said fictitiously named Defendants if and when Plaintiff knows such true names and capacities.

4. Plaintiff is informed, believes, and based thereon alleges that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein.

5. Plaintiff is informed, believes, and based thereon alleges that each of the Defendants named herein acted as the employee, agent, spouse, partner, alter-ego and/or joint venture of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

6. Hereinafter in this Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

## FACTUAL SUMMARY

7. In or around 1983, Plaintiff commenced employment with Defendant SAVA as a Licensed Vocational Nurse ("LVN"). At all times during her employment, Plaintiff performed her job duties in a satisfactory and professional manner, as evidenced by her consistent salary increases and the numerous awards she received from Defendant SAVA for superior work performance, such as Employee of the Year for 1987 and Employee of the Month on at least three separate occasions.

8. Throughout Plaintiff's employment, Defendant SAVA regularly understaffed the nursing department. As a result, Plaintiff and her colleagues consistently struggled to fulfill their daily work responsibilities in accordance with LVN professional standards and regulations within the typical eight (8) hour shift.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

9. On average, Plaintiff was responsible for the well-being and care of approximately thirty-three (33) to thirty-five (35) patients. Meeting all of her patients' daily needs often required more time than was available in an eight (8) hour shift. For example, with some frequency, near the end of Plaintiff's shift a patient would suddenly necessitate care that could not be provided by another nurse at that time. Consequently, Plaintiff frequently had to work overtime in order to responsibly provide her patients with the critical care they required.

10. In addition to her responsibilities as an employee of Defendant SAVA, Plaintiff was also required to meet the standards of the LVN profession. As a result, failure to sufficiently address her patients' needs as they arose and to carefully complete documentation related to the patients care could result in Plaintiff having her LVN license revoked. Therefore, it would be detrimental to Plaintiff's patients and professional standing to disregard aspects of her job duties in order to immediately "clock out" at the end of her eight (8) hour shift.

11. As a result, Plaintiff regularly had to work approximately forty (40) minutes to one (1) hour of overtime on an average of three (3) days a week. Thus, Plaintiff worked approximately four (4) to six (6) overtime hours during each two (2) week pay cycle.

12. Although Defendant SAVA knew that the LVNs patient responsibilities and professional standards made it exceedingly difficult to immediately "clock out" at the end of an eight (8) hour shift, Defendant SAVA prohibited LVNs, including Plaintiff, from reporting any overtime worked on their timesheets or receiving overtime compensation unless given special advanced permission by Defendant SAVA's administrators. Plaintiff is informed, believes, and based thereon alleges that when LVNs reported the overtime hours that they had worked, they were verbally reprimanded by Defendant SAVA's administrators and/or provided with a written reprimand for not clocking out at the time their shift ended.

13. In or around 2011, Defendant SAVA employed approximately twenty-five (25) LVNs. Plaintiff is informed, believes, and based thereon alleges that all or nearly all of the approximately twenty-five (25) LVNs, including herself, worked overtime without being able to report the overtime worked or receiving overtime compensation.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

14. In or around November 2011, Plaintiff's workload was even heavier because many of her patients were suffering from pneumonia. Plaintiff's heavier workload required Plaintiff to work additional overtime hours. Due to the numerous additional overtime hours Plaintiff was working during this time, Plaintiff chose to report her overtime on her timesheet.

15. Shortly after Plaintiff began reporting the overtime hours she worked, an administrator in Defendant SAVA's Human Resources department, Giselle Jimenez ("Ms. Jimenez"), met with Plaintiff and casually informed her that she could not report overtime hours.

16. During this meeting Plaintiff explained to Ms. Jimenez that it was not possible for her to finish all of her work within an eight (8) hour shift in accordance with professional standards, and that as a result, she would have to continue working overtime. Although Ms. Jimenez stated that Plaintiff could not report overtime hours, Defendant SAVA's Human Resources department made it clear that Plaintiff was still required to complete all of her required work.

17. As a result of the pressure by Defendant SAVA to complete her job duties within an eight (8) hour shift, Plaintiff was not provided with legally required rest breaks. Plaintiff is informed, believes, and based thereon alleges that if she took the two (2) ten (10) minute rest breaks that she was legally required to be provided during her eight (8) hour shift, she would fall behind on her work and would have to work an equivalent extra twenty (20) minutes of unpaid overtime in order to fulfill her responsibilities. Further, Plaintiff is informed, believes, and based thereon alleges that nearly all of the approximately twenty-five (25) other LVNs were not provided with, nor did they have an opportunity to exercise, their legally mandated rest breaks.

18. Further, due to the critical care demands of Plaintiff's patients, Plaintiff was regularly interrupted during her meal breaks and would be unable to resume her meal break after it was interrupted.

19. On or about January 12, 2012, Dr. George Daniel ("Dr. Daniel"), a physician at Defendant SAVA, called Plaintiff regarding a patient's sore that he believed Plaintiff had failed to inform him about. However, when Plaintiff checked the patient's files, it was noted that she had in fact informed Dr. Daniel of the patient's sore on or about December 31, 2011. When she informed Dr. Daniel of this fact, Dr. Daniel demanded more information about the patient's sore.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1  While Plaintiff was locating the written information, Dr. Daniel became very impatient and

2  hostile with Plaintiff.

3      20. Shortly after the phone conversation, Dr. Daniel arrived at Defendant SAVA to

4  confront Plaintiff. Plaintiff is informed, believes, and based thereon alleges that Dr. Daniel has a

5  reputation for having a temper and had at least on one occasion been involved in a physical

6  altercation with another doctor. Further, Plaintiff is informed, believes, and based thereon alleges

7  that Dr. Daniel was not permitted at a facility in Northridge, California or a facility in Encino,

8  California due to physical altercations with another doctor at these facilities.

9      21. Due to Plaintiff's knowledge of Dr. Daniel's reputation for having a temper and

10  engaging in physical altercations with hospital staff and the earlier hostility Dr. Daniel displayed

11  towards Plaintiff, when Plaintiff saw Dr. Daniel approaching her and his expression, she became

12  afraid that Dr. Daniel would physically attack her. Although Dr. Daniel did not physically attack

13  Plaintiff he did verbally attack and berate Plaintiff in front of both her patients and co-workers.

14      22. As a result of this verbal attack, Plaintiff began to suffer from extreme anxiety,

15  uncontrollable crying, depression, and an inability to concentrate on her work.

16      23. Despite this, Plaintiff attempted to continue her job duties as though the attack had

17  not occurred. Therefore, Plaintiff worked the two (2) shifts she was scheduled after Dr. Daniel's

18  verbal attack, but then Plaintiff recognized that she could not function well enough to fulfill her

19  responsibilities at work due to her condition. Therefore, Plaintiff went to her physician on or

20  about January 16, 2012.

21      24. Plaintiff's physician immediately placed her on stress-related medical leave from

22  approximately January 16, 2012 through January 20, 2012.

23      25. On or about January 16, 2012, Plaintiff gave her unit manager her physician's note

24  authorizing her stress-related medical leave. At that time, Plaintiff's unit manager scheduled

25  Plaintiff to return to work on January 23, 2012, after her medical leave was completed.

26      26. On or about January 20, 2012, while Plaintiff was still on medical leave, Lusine

27  Janoyan ("Ms. Janoyan"), an administrator for Defendant SAVA, called Plaintiff to inform her

28  that her employment with Defendant SAVA had been termination. At that time, Ms. Janoyan

6

COMPLAINT

1   stated that Plaintiff's employment had been terminated as a result of the January 12, 2012

2   incident involving Dr. Daniel. In addition, Ms. Janoyan stated that Defendant SAVA had

3   conducted an investigation of Plaintiff and had found that there had been complaints by patient's

4   family members and a complaint from a nurse's aide about Plaintiff. However, prior to this

5   conversation, Plaintiff had not been informed that there were any complaints made against her,

6   nor was Plaintiff interviewed by anyone at Defendant SAVA about the alleged complaints made

7   against Plaintiff during the course of the "investigation."

8       27. Therefore, Plaintiff is informed, believes, and based thereon alleges that the reason

9   given by Defendant SAVA for terminating of her employment was pretext because there were no

10   complaints from patient's family members or nurse's aides, and rather, the real reason her

11   employment was terminated was because of her disability and her need to take medical leave to

12   treat her disability.

13       28. On or about December 5, 2012, Plaintiff filed charges with the State of California,

14   Department of Fair Employment and Housing and received immediate right to sue letters on or

15   about December 5, 2012.

16   **FIRST CAUSE OF ACTION**

17   **DISABILITY DISCRIMINATION**

18   **IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.**

19   **[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

20   **(Against Defendant SAVA and DOES 1 through 100)**

21       29. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this

22   Complaint as if fully set forth at this place.

23       30. At all times herein mentioned, Government Code section 12940, et seq. was in full

24   force and effect, and was binding on Defendant, and each of them, as Defendant regularly

25   employed five (5) or more persons. Under the Fair Employment and Housing Act ("FEHA"),

26   Government Code section 12940, et seq., it is an unlawful employment practice for an employer

27   because of the disability of a person, to refuse to hire or employ the person, to refuse to select the

28   person for a training program leading to employment, to bar or discharge the person from

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

7

COMPLAINT

1  employment or from a training program leading to employment, or to discriminate against the

2  person in compensation or in terms, conditions, or privileges of employment. It is unlawful,

3  under the FEHA to retaliate against or harass an employee because an employee's disability.

4  Furthermore, Government Code section 12926.1, subdivision (b) provides, "disability" includes,

5  but is not limited to, protection from discrimination due to actual or perceived impairment that is

6  disabling, potentially disabling, or perceived to be disabling.

7       31. From on or about January 12, 2012 to the date of Plaintiff's termination, Plaintiff

8  suffered from a stress-related medical condition. Plaintiff's medical condition prevented Plaintiff

9  at times from being able to perform major life functions, such as working. On or about January

10  16, 2012, Plaintiff notified Defendant of her medical condition.

11       32. From on or about January 16, 2012 to January 20, 2012, Plaintiff's treating physician

12  placed Plaintiff on medical leave.

13       33. Plaintiff is informed, believes, and thereon alleges that Defendants refused to

14  accommodate Plaintiff's disability by allowing her to remain on disability leave until January 23,

15  2012.

16       34. While on medical leave, on or about January 20, 2012, Defendant SAVA terminated

17  Plaintiff's employment. Plaintiff's medical leave was not scheduled to end until January 23,

18  2012.

19       35. The above said acts of Defendants constituted disability discrimination in violation of

20  public policy and in violation of Government Code section 12940, et seq.

21       36. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered

22  actual, consequential and incidental financial losses, including without limitation, loss of salary

23  and benefits, and the intangible loss of employment related opportunities in her field and damage

24  to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff

25  claims such amounts as damages pursuant to California Civil Code section 3287 and/or section

26  3288 and/or any other provision of law providing for prejudgment interest.

27       37. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and

28  continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

**Law Offices of Joseph M. Lovretovich**
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

8

COMPLAINT

1  as the manifestation of physical symptoms.  Plaintiff is informed and believes, and thereupon

2  alleges, that she will continue to experience said physical and emotional suffering for a period in

3  the future not presently ascertainable, all in an amount subject to proof at the time of trial.

4      38. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

5  hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

6  incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to recover attorneys'

7  fees and costs under Government Code section 12965, subdivision (b).

8      39. Defendant SAVA had in place policies and procedures that specifically prohibited

9  discrimination, retaliation, and harassment based on disability and required Defendant SAVA's

10  managers, officers, and agents to prevent disability discrimination and retaliation based on

11  disability /hostile work environment against and upon employees of Defendant SAVA. Ms.

12  Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was

13  aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation

14  based on disability and required Defendant SAVA's managers, officers, and agents to prevent

15  disability discrimination and retaliation based on disability/hostile work environment against and

16  upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary

17  powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and

18  establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms.

19  Janoyan chose to consciously and willfully ignore and refuse to employ said policies and

20  procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent,

21  malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

22  and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

23  authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

24  should, therefore, be awarded exemplary and punitive damages against each Defendant in an

25  amount to be established that is appropriate to punish each Defendant and deter others from

26  engaging in such conduct.

27  ///

28  ///

Law Offices of Joseph M. Lovretovich.
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

9
COMPLAINT

**SECOND CAUSE OF ACTION**

RETALIATION

IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

(Against Defendant SAVA and DOES 1 through 100)

40. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

41. At all times herein mentioned, Government Code section 12940 et seq. was in full force and effect, and was binding on Defendants, as Defendants regularly employed five or more persons. Government Code section 12940, subdivision (h) makes it unlawful for any person to retaliate against an employee who has opposed a discriminatory practice.

42. At all times, Plaintiff carried out her duties in a professional manner while employed by Defendants. Plaintiff engaged in a protected activity when she reported race discrimination, and sexual harassment.

43. Shortly after Plaintiff informed Defendant of her disability, Defendant initiated a pattern of retaliatory conduct towards Plaintiff, wherein Defendant ultimately terminated Plaintiff's employment while Plaintiff was on medical leave to treat her disability.

44. Defendants' conduct, as alleged above, constituted unlawful retaliation in employment on account of Plaintiff's disability and gender in violation of Government Code section 12940, subdivisions (a) and (h).

45. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

46. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well

10

COMPLAINT

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1    as the manifestation of physical symptoms. Plaintiff is informed, believes, and based thereon

2    alleges that she will continue to experience said physical and emotional suffering for a period in

3    the future not presently ascertainable, all in an amount subject to proof at the time of trial.

4       47. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to

5    hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to

6    incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys'

7    fees and costs under Government Code section 12965, subdivision (b).

8       48. Defendant SAVA had in place policies and procedures that specifically prohibited

9    discrimination, retaliation, and harassment based on disability and required Defendant SAVA's

10   managers, officers, and agents to prevent disability discrimination and retaliation based on

11   disability /hostile work environment against and upon employees of Defendant SAVA. Ms.

12   Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was

13   aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation

14   based on disability and required Defendant SAVA's managers, officers, and agents to prevent

15   disability discrimination and retaliation based on disability/hostile work environment against and

16   upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary

17   powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and

18   establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms.

19   Janoyan chose to consciously and willfully ignore and refuse to employ said policies and

20   procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent,

21   malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

22   and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

23   authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

24   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

25   amount to be established that is appropriate to punish each Defendant and deter others from

26   engaging in such conduct.

27   ///

28   ///

Law Offices of Joseph M. Lovretovich<br>5941 Variel Avenue<br>Woodland Hills, CA 91367<br>(818) 610-8800

11
COMPLAINT

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

### IN VIOLATION OF GOVERNMENT. CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendant SAVA and DOES 1 through 100)

49. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

50. Defendant is a business entity regularly employing at least the minimum number of employees upon which certain legal duties and obligations arise under various laws and statutes, including the FEHA.  Government Code section 12940, subdivision (m) requires that an employer "reasonably accommodate" the known disabilities of any employee.  Courts have held that "holding a job open for a disabled employee who needs time to recuperate or heal is in itself a form of a reasonable accommodation." (*Jenson v. Wells Fargo Bank* (2000) 85 Cal.App.4th 245, 263; *Hanson v. Lucky Stores, Inc.* (1999)74 Cal.App.4th 215, 226-27.)

51. Plaintiff's disability limited her ability to engage in the major life activity of working.

52. Although Defendants, and each of them, knew of Plaintiff's disability, specifically, Plaintiff's need for stress-related medical leave, Defendants, and each of them, refused to accommodate Plaintiff's disability and instead terminated Plaintiff because of her disability. Defendants' acts were in direct contravention of the FEHA.

53. Plaintiff alleges that she could have fully performed all duties and functions of her job in an adequate, satisfactory and/or outstanding manner, particularly if she was provided with reasonable accommodations such as an uninterrupted medical leave.

54. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial.  Plaintiff claims such amounts as damages pursuant to Government Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

55. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereupon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

56. As a proximate result of the wrongful acts of Defendants, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

57. Defendant SAVA had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment based on disability and required Defendant SAVA's managers, officers, and agents to prevent disability discrimination and retaliation based on disability /hostile work environment against and upon employees of Defendant SAVA. Ms. Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation based on disability and required Defendant SAVA's managers, officers, and agents to prevent disability discrimination and retaliation based on disability/hostile work environment against and upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms. Janoyan chose to consciously and willfully ignore and refuse to employ said policies and procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

**FOURTH CAUSE OF ACTION**

**FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS**

**IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.**

**[FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]**

**(Against Defendant SAVA and DOES 1 through 100)**

58. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

59. At all times herein mentioned, Government Code section 12940 et seq. was in full force and effect and was binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. According to Government Code section 12940, subdivision (n), it is an unlawful employment practice for an employer or other covered entity to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations.

60. While Plaintiff was employed by Defendants, Defendants were aware that Plaintiff suffered from a stress-related disability and required accommodation.

61. Plaintiff is informed, believes, and thereon alleges that at no time did Defendants engage in any sort of interactive process, as required by Government Code section 12940, subdivision (n), to accommodate Plaintiff's known disability.

62. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

63. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional

14

COMPLAINT

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1  suffering for a period in the future not presently ascertainable, all in an amount subject to proof

2  at the time of trial.

3      64. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

4  has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

5  to continue to incur attorneys' fees and costs in connection therewith.  Plaintiff is entitled to

6  recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

7      65. Defendant SAVA had in place policies and procedures that specifically prohibited

8  discrimination, retaliation, and harassment based on disability and required Defendant SAVA's

9  managers, officers, and agents to prevent disability discrimination and retaliation based on

10  disability /hostile work environment against and upon employees of Defendant SAVA. Ms.

11  Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was

12  aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation

13  based on disability and required Defendant SAVA's managers, officers, and agents to prevent

14  disability discrimination and retaliation based on disability/hostile work environment against and

15  upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary

16  powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and

17  establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms.

18  Janoyan chose to consciously and willfully ignore and refuse to employ said policies and

19  procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent,

20  malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

21  and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

22  authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

23  should, therefore, be awarded exemplary and punitive damages against each Defendant in an

24  amount to be established that is appropriate to punish each Defendant and deter others from

25  engaging in such conduct.

26  ///

27  ///

28  ///

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## FIFTH CAUSE OF ACTION

### FAILURE TO PREVENT DISCRIMINATION

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendant SAVA and DOES 1 through 100)

66. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

67. At all times mentioned herein, Government Code section 12940, subdivisions (j) and (k) were in full force and effect, and were binding upon Defendants, and each of them. These subdivisions impose on an employer a duty to take immediate and appropriate corrective action to end discrimination and take all reasonable steps necessary to prevent discrimination from occurring, among other things.

68. Defendants failed to take immediate and appropriate corrective action to end the discrimination. Defendants also failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring.

69. In failing and/or refusing to take immediate and appropriate corrective action to end the discrimination and in failing and/or refusing to take and or all reasonable steps necessary to prevent discrimination from occurring, Defendants violated Government Code section 12940, subdivision (j) and (k), causing Plaintiff to suffer damages as set forth above.

70. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

71. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed,

1    believes, and based thereon alleges that she will continue to experience said physical and

2    emotional suffering for a period in the future not presently ascertainable, all in an amount subject

3    to proof at the time of trial.

4         72. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff

5    has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected

6    to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to

7    recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

8         73. Defendant SAVA had in place policies and procedures that specifically prohibited

9    discrimination, retaliation, and harassment based on disability and required Defendant SAVA's

10   managers, officers, and agents to prevent disability discrimination and retaliation based on

11   disability /hostile work environment against and upon employees of Defendant SAVA. Ms.

12   Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was

13   aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation

14   based on disability and required Defendant SAVA's managers, officers, and agents to prevent

15   disability discrimination and retaliation based on disability/hostile work environment against and

16   upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary

17   powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and

18   establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms.

19   Janoyan chose to consciously and willfully ignore and refuse to employ said policies and

20   procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent,

21   malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

22   and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

23   authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

24   should, therefore, be awarded exemplary and punitive damages against each Defendant in an

25   amount to be established that is appropriate to punish each Defendant and deter others from

26   engaging in such conduct.

27

28

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

Exhibit A
Page 24

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## SIXTH CAUSE OF ACTION

### WRONGFUL TERMINATION

### IN VIOLATION OF GOVERNMENT CODE § 12940 ET SEQ.

### [FAIR EMPLOYMENT AND HOUSING ACT (FEHA)]

### (Against Defendant SAVA and DOES 1 through 100)

74. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

75. At all times herein mentioned, Government Code section 12940 et seq. was in full force and effect, and was binding on Defendants, and each of them, as Defendant regularly employed five (5) or more persons. Government Code section 12940 et seq. provides that it is unlawful for an employer, to discharge a person from employment or discriminate against them in compensation or as to the terms, conditions or privileges of employment based on disability, as stated in Government Code section 12940, subdivision (a).

76. Defendant terminated Plaintiff's employment as a result of her disability and her need to take medical leave. Such conduct was done in violation of the FEHA.

77. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

78. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and based thereon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

79. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

80. Defendant SAVA had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment based on disability and required Defendant SAVA's managers, officers, and agents to prevent disability discrimination and retaliation based on disability /hostile work environment against and upon employees of Defendant SAVA. Ms. Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation based on disability and required Defendant SAVA's managers, officers, and agents to prevent disability discrimination and retaliation based on disability/hostile work environment against and upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms. Janoyan chose to consciously and willfully ignore and refuse to employ said policies and procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

///

///

///

///

///

**SEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**IN VIOLATION OF PUBLIC POLICY**

**(Against Defendant SAVA and DOES 1 through 100)**

81. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

82. At all times mentioned, the public policy of the State of California, as codified, expressed and mandated in Government Code section 12940, is to prohibit employers from discriminating, harassing and retaliating against any individual on the basis of disability. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California, to wit, the policy set forth in Government Code section 12940 et seq., and the laws and regulations promulgated thereunder.

83. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

84. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed, believes, and based thereon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

85. Defendant SAVA had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment based on disability and required Defendant SAVA's

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

20

COMPLAINT

1  managers, officers, and agents to prevent disability discrimination and retaliation based on

2  disability /hostile work environment against and upon employees of Defendant SAVA. Ms.

3  Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was

4  aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation

5  based on disability and required Defendant SAVA's managers, officers, and agents to prevent

6  disability discrimination and retaliation based on disability/hostile work environment against and

7  upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary

8  powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and

9  establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms.

10 Janoyan chose to consciously and willfully ignore and refuse to employ said policies and

11 procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent,

12 malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights

13 and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in,

14 authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff

15 should, therefore, be awarded exemplary and punitive damages against each Defendant in an

16 amount to be established that is appropriate to punish each Defendant and deter others from

17 engaging in such conduct.

## EIGHTH CAUSE OF ACTION

### NEGLIGENT RETENTION

### (Against Defendant SAVA and DOES 1 through 100)

21    86. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this

22 Complaint as if fully set forth at this place.

23    87. For purposes of this cause of action, unless specifically identified, reference to

24 "Defendants" includes Defendant SAVA and DOES 1 through 100.

25    88. Plaintiff was harmed by Dr. Daniel on or about January 12, 2012 when Dr. Daniel

26 verbally attacked and berated Plaintiff on Defendant SAVA' premises during work hours in front

27 of Defendant SAVA's supervisors and/or managers.

28    89. Plaintiff is informed and believes, and based thereon alleges that Defendant SAVA

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

21

COMPLAINT

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

1   and DOES 1 through 100, were responsible for the selection, hiring, and retention of Dr. Daniel

2   to be a doctor Defendant SAVA's facility.

3       90. Plaintiff is informed and believes, and thereon alleges that Defendant SAVA selected,

4   hired, and/or retained Dr. Daniel when it knew, or should have known, that this individual was

5   unqualified, unfit, and/or incompetent to be a doctor for Defendant SAVA.

6       91. Plaintiff is informed and believes, and thereon alleges that Dr. Daniel was

7   unqualified, unfit, and/or incompetent to be a doctor for Defendant SAVA, and had a known

8   history of anger management problems, and a propensity for violence in the workplace and

9   unnecessarily and unreasonably assaulted Plaintiff.

10       92. In fact, Defendant SAVA knew that Dr. Daniel was not permitted to work at facilities

11   in Northridge, California and Encino, California due to physical altercations with doctors at these

12   facilities.

13       93. As a proximate and direct result of the negligent selection, hiring, and/or retention of

14   Dr. Daniel by Defendant SAVA, Plaintiff was in fact unnecessarily and unreasonably assaulted

15   Dr. Daniel without provocation or justification.

16       94. Upon information and belief, Defendant SAVA had in place policies and procedures

17   to protect its employees and others on its premises from assault. Defendant SAVA was put on

18   notice of Dr. Daniel's propensity for violence when it was notified of Dr. Daniel's physical

19   altercation with another doctor on Defendant SAVA's premises. However, Defendant SAVA

20   failed to address Plaintiff's needs and failed to protect Plaintiff from the assault that occurred. As

21   a result, Plaintiff was assaulted while on Defendant SAVA' premises. Therefore, the acts

22   described in this Complaint were authorized and ratified by Defendant SAVA' officers,

23   directors, managerial and supervisory employees and were done in a malicious, fraudulent and

24   oppressive manner with full knowledge that these acts were in violation of the law and otherwise

25   in conscious disregard of Plaintiff's right to be free from assault while working for Defendant

26   SAVA.

27   ///

28   ///

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## NINTH CAUSE OF ACTION

### INTERFERENCE WITH AND FAILURE TO PROVIDE LEAVE
### IN VIOLATION OF THE CALIFORNIA FAMILY RIGHTS ACT ("CFRA")
### AND FAMILY MEDICAL LEAVE ACT ("FMLA")
### (Against Defendant SAVA and DOES 1 through 100)

95. Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

96. All relevant times herein, Plaintiff was entitled to protected leave under the California Family Rights Act and Family Medical Leave Act and/or Defendants represented to Plaintiff that she was entitled to protected leave under the California Family Rights Act ("CFRA") and the Family Medical Leave Act ("FMLA").

97. Plaintiff was at all relevant times a full time employee of Defendants and had worked in excess of 1,250 hours. Plaintiff was therefore an eligible employee under the CFRA Government Code section 12945.2.

98. At all relevant times, Defendants employed more than fifty employees and thus were an employer covered by CFRA. Government Code section 12945.2, subdivision (c)(1).

99. On or about January 16, 2012, Plaintiff requested leave under FMLA and CFRA to care for her stress-related disability.

100. Plaintiff is informed, believes, and thereon alleges that Defendants failed to grant or, at the very least, substantially burdened and interfered with her proper medical leave request.

101. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code section 3287 and/or section 3288 and/or any other provision of law providing for prejudgment interest.

102. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

103. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under Government Code section 12965, subdivision (b).

104. Defendant SAVA had in place policies and procedures that specifically prohibited discrimination, retaliation, and harassment based on disability and required Defendant SAVA's managers, officers, and agents to prevent disability discrimination and retaliation based on disability /hostile work environment against and upon employees of Defendant SAVA. Ms. Janoyan was a managerial agent, manager, officer, and/or agent of Defendant SAVA and was aware of Defendant SAVA's policies and procedures prohibiting discrimination and retaliation based on disability and required Defendant SAVA's managers, officers, and agents to prevent disability discrimination and retaliation based on disability/hostile work environment against and upon employees of Defendant SAVA. Furthermore, Ms. Janoyan maintained broad discretionary powers regarding staffing, managing, hiring, firing, contracting, supervising, assessing and establishing of corporate policy and practice in the Defendant SAVA's facilities. However, Ms. Janoyan chose to consciously and willfully ignore and refuse to employ said policies and procedures with respect to the Plaintiff and therefore, her outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

24
COMPLAINT

Exhibit A
Page 31

1   amount to be established that is appropriate to punish each Defendant and deter others from

2   engaging in such conduct.

### TENTH CAUSE OF ACTION

### FAILURE TO ALLOW EMPLOYEE MEAL AND REST BREAKS

### IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512

**(Against Defendant SAVA and DOES 1 through 100)**

7   106.    Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this

8   Complaint as if fully set forth at this place e.

9   107.    Labor Code section 226.7 states that "no employer shall require any employee to

10   work during any meal or rest period mandated by an applicable order of the Industrial Welfare

11   Commission" and additionally, that "[i]f an employer fails to provide an employee a meal period

12   or rest period in accordance with an applicable order of the Industrial Welfare Commission, the

13   employer shall pay the employee one additional hour of pay at the employee's regular rate of

14   compensation for each work day that the meal or rest period is not provided."

15   108.    Labor Code section 512, subdivision (a) states in full, "An employer may not

16   employ an employee for a work period of more than five (5) hours per day without providing the

17   employee with a meal period of not less than thirty (30) minutes, except that if the total work

18   period per day of the employee is no more than six (6) hours, the meal period may be waived by

19   mutual consent of both the employer and employee.  An employer may not employ an employee

20   for a work period of more than ten (10) hours per day without providing the employee with a

21   second meal period of not less than thirty (30) minutes, except that if the total hours worked is no

22   more than twelve (12) hours, the second meal period may be waived by mutual consent of the

23   employer and the employee only if the first meal period was not waived.

24   109.    Plaintiff did not receive ten (10) minute rest periods for every four (4) hours of

25   work, as mandated by the Labor Code and the Industrial Welfare Commission.  Furthermore,

26   Plaintiff did not receive compensation at the rate of one (1) hour's pay for each day she was

27   deprived of her rest period(s).

28

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

110.   Plaintiff did not always receive her meal periods on the days she worked a five (5) hour or more shift.  Furthermore, Plaintiff did not receive compensation at the rate of one (1) hour's pay for each day she was deprived a meal break.

111.   Plaintiff has been deprived of her right to meal periods and rest breaks as a direct and proximate result of Defendants' failure and refusal to recognize said breaks.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

**ELEVENTH CAUSE OF ACTION**

**FAILURE TO PAY OVERTIME COMPENSATION**

**IN VIOLATION OF LABOR CODE § 1194**

**(Against Defendant SAVA and DOES 1 through 100)**

112.   Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

113.   At all times mentioned herein, Labor Code section 1194 was in full force and effect and was binding on Defendant.  Labor Code section 1194 states, in relevant part, that:

> any employee receiving less than the legal minimum ... overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this ... overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

114.   Frequently during the term of Plaintiff's employment, in or around 1983 through January 12, 2012, Defendants regularly required Plaintiff to work more than forty (40) hours per week, but failed and willfully refused to pay Plaintiff the overtime compensation required by Employment Laws and Regulations.  Therefore, despite working several hours of overtime, Plaintiff was not compensated for all of her overtime worked.

115.   Plaintiff has been deprived of her rightfully earned overtime compensation as a direct and proximate result of Defendant's failure and willful refusal to pay said compensation.  Plaintiff is entitled to recover such amounts, plus interest thereon, attorney's fees and costs.

116.   Based on Defendants' conduct as alleged herein, Defendants are liable for civil penalties pursuant to Labor Code section 558 and other applicable provisions of the California Employment Laws and Regulations.

26

COMPLAINT

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

## TWELFTH CAUSE OF ACTION

### FAILURE TO PAY EARNED WAGES

### IN VIOLATION OF LABOR CODE §§ 204, 206, 210, 218.5, and 218.6

**(Against Defendant SAVA and DOES 1 through 100)**

117.    Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

118.    Defendant employed Plaintiff from in or around 1983 through January 20, 2012, but failed and willfully refused to pay Plaintiff all wages earned working for Defendant during this period, as required by the California Employment Laws and Regulations.

119.    Specifically, Plaintiff regularly worked over eight (8) hours per day, or forty (40) hours per week, but was not paid overtime compensation.

120.  ·  Defendants have deprived Plaintiff of her rightfully earned wages as a direct and proximate result of Defendant's·corporate policies and failure and refusal to pay said compensation.  Plaintiff is entitled to penalties pursuant to Labor Code section 558 and other applicable provisions of the Employment Laws and Regulations.

121.    Based on Defendant's conduct alleged herein, Plaintiff is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to Labor Code section 1194.2, subdivision (a).

### THIRTEENTH CAUSE OF ACTION

### WAITING TIME PENALTIES

**(Against Defendant SAVA and DOES 1 through 100)**

122.    Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

123.    During Plaintiff's employment with Defendant, Defendant failed to timely tender payment of accrued wages and other compensation due to her, as required by Labor Code sections 201 through 203.

124.    Plaintiff was not exempt from the requirements of the Employment Laws and Regulations.

27

COMPLAINT

125.   Based on Defendant's conduct as alleged herein, Defendant is liable for civil penalties pursuant to Labor Code sections 203, 558, and other applicable provisions of the Employment Laws and Regulations.

## FOURTEENTH CAUSE OF ACTION

## UNFAIR BUSINESS PRACTICES

## IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200, ET SEQ.

### (Against Defendant SAVA and DOES 1 through 100)

126.   Plaintiff incorporates by reference paragraphs 1 through 28, inclusive, of this Complaint as if fully set forth at this place.

127.   Defendants' violations of the California Employment Laws and Regulation as alleged herein, including but not limited to, Defendants' failure to pay compensation due to Plaintiff in a timely manner and Defendants' wrongful withholding of wages and compensation due to Plaintiff, constitute unfair business practices in violation of California Business & Professions Code section 17200, et seq.

128.   Specifically, Defendants have violated Labor Code sections 201 through 203, 204, 206, 210; 218.5, 218.6, 226.7, 512, and 1194.

129.   As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendant account for, disgorge and restore to Plaintiff the compensation unlawfully withheld from him.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For all actual, consequential and incidental financial losses, including but not limited to, loss of earnings, employee benefits, according to proof;

2. For special damages, according to proof;

3. For declaratory relief, according to proof;

4. For injunctive relief, according to proof;

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

28

COMPLAINT

5. For medical expenses and related items of expense, according to proof;

6. For attorneys' fees, according to proof;

7. For prejudgment interest, according to proof;

8. For punitive and exemplary damages, according to proof;

9. For costs of suit incurred herein; and,

10. For such other relief and the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED:      July 16, 2013               LAW OFFICES OF JOSEPH M. LOVRETOVICH

By:   _____

JOSEPH M. LOVRETOVICH

ELLEN E. COHEN

TIFFANY LEE

Attorneys for Plaintiff ELVIRA ANTENOR

Law Offices of Joseph M. Lovretovich
5941 Variel Avenue
Woodland Hills, CA 91367
(818) 610-8800

29

COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich, Ellen E. Cohen; Tiffany Lee   SBN: 73403; 258131; 281110<br>JML Law, APLC<br>5941 Variel Avenue, Woodland Hills, CA 91367<br>TELEPHONE NO.: 818-610-8800   FAX NO.: 818-610-3030<br>ATTORNEY FOR *(Name)*: ELVIAR ANTENOR | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>JUL 1 9 2013<br><br>JOHN A. CLARKE, CLERK<br><br>BY L. JOHNSON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse on Hill St.

CASE NAME: ELVIAR ANTENOR v SSC TARZANA OPERATING COMPANY LP
d/b/a SAVA SENIOR CARE, TARZANA REHABILITATION CENTER

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | **BC 515789**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [X] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 18, 2013

Joseph M. Lovretovich, Ellen E. Cohen; Tiffany Lee
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo...<br>Westlaw Doc & Form Builder |
|---|---|---|

Exhibit A
Page 37

| SHORT TITLE: ELVIAR ANTENOR v SSC TARZANA OPERATING COMPANY LP | CASE NUMBER |
|---|---|
| | BC 515789 |

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☒ YES    CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☒ DAYS

**Item II. Indicate** the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

> **Applicable Reasons for Choosing Courthouse Location (see Column C below)**

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

SHORT TITLE: ELVIAR ANTENOR v SSC TARZANA OPERATING COMPANY LP | CASE NUMBER

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit A
Page 39

| SHORT TITLE: ELVIAR ANTENOR v SSC TARZANA OPERATING COMPANY LP | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108 Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115 Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151 Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152 Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153 Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150 Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003 Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007 Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006 Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035 Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036 Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014 Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141 Sister State Judgment | 2., 9. |
| | | ☐ A6160 Abstract of Judgment | 2., 6. |
| | | ☐ A6107 Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140 Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114 Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112 Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033 Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030 Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040 Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011 Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000 Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113 Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121 Civil Harassment | 2., 3., 9. |
| | | ☑ A6123 Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124 Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190 Election Contest | 2. |
| | | ☐ A6110 Petition for Change of Name | 2., 7. |
| | | ☐ A6170 Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100 Other Civil Petition | 2., 9. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 3 of 4 |
|---|---|---|

Exhibit A
Page 40

SHORT TITLE: ELVIAR ANTENOR v SSC TARZANA OPERATING COMPANY LP | CASE NUMBER

**Item III. Statement of Location:** Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>5650 Reseda Boulevard |
|---|---|
| CITY:<br>Tarzana | STATE:<br>CA | ZIP CODE:<br>91356 |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the <u>Stanley Mosk</u> courthouse in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: <u>July 18, 2013</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | **CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION** | Local Rule 2.0<br>Page 4 of 4

Exhibit A
Page 41

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)**

Case Number _____

BC515789

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)). There is additional information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM | | |
|---|---|---|---|---|---|---|---|
| Hon. Daniel Buckley | 1 | 534 | Hon. Michael Johnson | 56 | 514 | | |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Ralph W. Dau | 57 | 517 | | |
| Hon. Terry A. Green | 14 | 300 | Hon. Rolf M. Treu | 58 | 516 | | |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael L. Stern | 62 | 600 | | |
| Hon. Rita Miller | 16 | 309 | Hon. Mark Mooney | 68 | 617 | | |
| Hon. Richard E. Rico | 17 | 309 | Hon. William F. Fahey | 69 | 621 | | |
| Hon. Kevin C. Brazile | 20 | 310 | Hon. Soussan G. Bruguera | 71 | 729 | | |
| Hon. Robert L. Hess | 24 | 314 | Hon. Ruth Ann Kwan | 72 | 731 | | |
| Hon. Mary Ann Murphy | 25 | 317 | Hon. Teresa Sanchez-Gordon | 74 | 735 | | |
| Hon. Yvette M. Palazuelos | 28 | 318 | | | | | |
| Hon. Barbara Scheper | 30 | 400 | | | | | |
| Hon. Mary H. Strobel | 32 | 406 | **Hon. Emilie H. Elias** | **324** | **CCW** | | |
| Hon. Maureen Duffy-Lewis | 38 | 412 | **Hon. Elihu M. Berle\*** | **323** | **CCW** | | |
| Hon. Michelle R. Rosenblatt | 40 | 414 | OTHER | | | | |
| Hon. Ronald M. Sohigian | 41 | 417 | | | | | |
| Hon. Holly E. Kendig | 42 | 416 | | | | | |
| Hon. Mel Red Recana | 45 | 529 | | | | | |
| Hon. Debre Katz Weintraub | 47 | 507 | | | | | |
| Hon. Elizabeth Allen White | 48 | 506 | | | | | |
| Hon. Deirdre Hill | 49 | 509 | | | | | |
| Hon. John L. Segal | 50 | 508 | | | | | |
| Hon. Abraham Khan | 51 | 511 | | | | | |
| Hon. Susan Bryant-Deason | 52 | 510 | | | | | |
| Hon. Steven J. Kleifield | 53 | 513 | | | | | |
| Hon. Ernest M. Hiroshige | 54 | 512 | | | | | |
| Hon. Malcolm H. Mackey | 55 | 515 | | | | | |

**\*Complex**
All cases designated as complex (other than class actions) are initially assigned to Judge Elihu M. Berle in Department 323 of the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005). This assignment is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____    JOHN A. CLARKE, Executive Officer/Clerk

LACIV CCH 190 (Rev. 01/12)
LASC Approved  05-06
For Optional Use

**NOTICE OF CASE ASSIGNMENT –**

**UNLIMITED CIVIL CASE**

Page 1 of 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/30/13                                                    DEPT. 12

HONORABLE BARBARA A. MEIERS    JUDGE   B. BAKER           DEPUTY CLERK

HONORABLE                   JUDGE PRO TEM        ELECTRONIC RECORDING MONITOR

         NONE           Deputy Sheriff                        Reporter

---

BC515789

ELVIAR ANTENOR

                 VS

SSC TARZANA OPERATING COMPANY L
 ET AL

Plaintiff
Counsel                NO APPEARANCE

Defendant
Counsel

---

**NATURE OF PROCEEDINGS:**

PLAINTIFF ANTENOR'S PEREMPTORY CHALLENGE
AGAINST THE HONORABLE BARBARA A MEIERS,
DEPARTMENT 12.


The Court reviews ANTENOR'S
Peremptory Challenge filed with the Court on
7/30/13 pursuant to Section 170.6
of the Code of Civil Procedure and finds that the
document was filed timely.

All future dates in this department are advanced
and vacated.

Upon direction from Department 1, the above matter
is reassigned from JUDGE BARBARA A MEIERS,
Department 12 to JUDGE SUZANNE G BRUGUERA,
Department 71.

If any appearing party has not yet exercised a
peremptory challenge under Section 170.6 CCP,
peremptory challenges by them to the newly assigned
judge must be timely filed within the 15 day period
specified in Section 170.6 CCP, with extensions of
time pursuant to Section 1013 CCP if service is by
mail. Previously non-appearing parties, if any, have
a 15 day statutory period from first appearance to
file a peremptory challenge (68616(1) Govt. Code).

Moving party to give notice.


                Page   1 of   2   DEPT. 12

MINUTES ENTERED
07/30/13
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 07/30/13                                                              DEPT. 12

HONORABLE BARBARA A. MEIERS          JUDGE   B. BAKER          DEPUTY CLERK

HONORABLE                      JUDGE PRO TEM          ELECTRONIC RECORDING MONITOR

        NONE                    Deputy Sheriff                  Reporter

---

BC515789                              Plaintiff
                                      Counsel
ELVIAR ANTENOR                                    NO APPEARANCE
                                      Defendant
              VS                      Counsel
SSC TARZANA OPERATING COMPANY L
   ET AL

---

NATURE OF PROCEEDINGS:

CERTIFICATE OF SERVICE/
NOTICE OF ENTRY OF ORDER

I, the below-named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am
not a party to the cause herein, and that on this
date I served the Notice of Entry of the above minute
order upon each party or counsel named below by
placing the document for collection and mailing so
as to cause it to be deposited in the United States
mail at the courthouse in Los Angeles, California,
one copy of the original filed/entered herein in a
separate sealed envelope to each address as shown
below with the postage thereon fully prepaid, in
accordance with standard court practices.

Date: 8/1/13

John A. Clarke, Executive Officer/Clerk

By: _____
            BETTINA M BAKER

JML LAW
5941 VARIEL AVENUE
WOODLANDS HILLS CA 91367

                    Page   2 of   2   DEPT. 12        MINUTES ENTERED
                                                      07/30/13
                                                      COUNTY CLERK

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| | | |
|---|---|---|
| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at **www.lasuperiorcourt.org** under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
    (INSERT DATE)                              (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ⮞ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____          ⮞ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ⮞ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ⮞ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ⮞ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____          ⮞ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)
Date:

_____          ⮞ _____
(TYPE OR PRINT NAME)                            (ATTORNEY FOR _____)

LACIV 229 (new)          **STIPULATION – EARLY ORGANIZATIONAL MEETING**          Page 2 of 2
LASC Approved 04/11

Exhibit A
Page 47

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court. .

  It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

---

| SHORT TITLE: | CASE NUMBER |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____ > _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)

Date:

_____ > _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____ > _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____ > _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)

Date:

_____ > _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____ > _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Date:

_____ > _____
(TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

Exhibit A
Page 50

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (Insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (Insert date 20 calendar days following filing of the Request).
4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)              **INFORMAL DISCOVERY CONFERENCE**
LASC Approved 04/11          (pursuant to the Discovery Resolution Stipulation of the parties)

Exhibit A
Page 51

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

➢ _____
(ATTORNEY FOR _____ )

**THE COURT SO ORDERS.**

Date:   _____     _____
                                                                    JUDICIAL OFFICER

Exhibit A
Page 53

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich; Ellen E. Cohen; Tiffany Lee; 73403; 258131; 281110<br>JML LAW, A Professional Law Corporation<br>21052 Oxnard Street<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818)610-8800       FAX NO. *(Optional):* (818)610-3030<br>E-MAIL ADDRESS *(Optional):* jml@jmllaw.com<br>ATTORNEY FOR *(Name):* ELVIAR ANTENOR | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   LOS ANGELES |
|---|
| STREET ADDRESS: 111 North Hill Street<br>MAILING ADDRESS: 111 North Hill Street<br>CITY AND ZIP CODE: Los Angeles, CA 90012<br>BRANCH NAME: CENTRAL |

| PLAINTIFF/PETITIONER: ELVIAR ANTENOR | CASE NUMBER:<br>BC515789 |
|---|---|
| DEFENDANT/RESPONDENT: SSC TARZANA OPERATING COMPANY, et al. | JUDICIAL OFFICER:<br>Hon. Suzanne G. Bruguera |

| NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION | DEPT.:<br>71 |
|---|---|

1. **Please take notice** that, as of *(date):* September 16, 2013
   ☐ the following self-represented party or
   ☑ the attorney for:
   a. ☑ plaintiff *(name):* ELVIAR ANTENOR
   b. ☐ defendant *(name):*
   c. ☐ petitioner *(name):*
   d. ☐ respondent *(name):*
   e. ☐ other *(describe):*

   has **changed his or her address** for service of notices and documents or other contact information in the above-captioned action.
   ☐ A list of additional parties represented is provided in Attachment 1.

2. The **new address** or other contact information for *(name):* JML LAW, A Professional Law Corporation
   is as follows:
   a. Street: 21052 Oxnard Street
   b. City: Woodland Hills
   c. Mailing address *(if different from above):*
   d. State and zip code: CA 91367
   e. Telephone number: (818) 610-8800
   f. Fax number (if available): (818)610-3030
   g. E-mail address (if available): jml@jmllaw.com

3. **All notices and documents** regarding the action should be sent to the above address.

   Date: September 16, 2013

   Joseph M. Lovretovich; Ellen E. Cohen; Tiffany Lee
   _____
   (TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY)

   Page 1 of 2

**NOTICE OF CHANGE OF ADDRESS OR OTHER<br>CONTACT INFORMATION**
Cal. Rules of Court, rules 2.200 and 8.816<br>www.courts.ca.gov

Exhibit A
Page 54

1

2

**PROOF OF SERVICE**
1013a (3) CCP Revised 5/1/88

3

4

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5

6

I am employed in the County of Los Angeles, State of California.  I am over the age of 18, and not a party to the within action.  My business address is, 21052 Oxnard Street, Woodland Hills, CA 91367.

7

8

On Tuesday, September 17, 2013, I served the foregoing document described as **COA** on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope, addressed as follows:

9

10

Dawn Knepper, Esq.
Ogletree Deakins
695 Town Center Drive,
Suite 1500
Costa Mesa, CA 92626

11

12

13

☒ By mail, I deposited such envelope(s) in the mail at Woodland Hills, California, with postage thereon fully prepaid.

14

15

16

17

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Woodland Hills, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

18

☐ By facsimile, I transmitted such documents from Woodland Hills, California, to the offices of the addressee(s).

19

20

☐ By personal service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

21

☒ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

22

23

☐ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

24

Executed on Tuesday, September 17, 2013, at Woodland Hills, California.

25

26

Tad Kuchar

27

28

JML LAW
A Professional Law Corporation
21052 Oxnard Street
Woodland Hills, CA 91367
(818) 610-8800



COPY

1 | Dawn M. Knepper, CA Bar No. 208862
dawn.knepper@ogletreedeakins.com
2 | John P. Migliarini, CA Bar No. 266920
john.migliarini@ogletreedeakins.com
3 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
4 | 695 Town Center Drive
Costa Mesa, CA 92626
5 | Telephone:    714.800.7900
Facsimile:    714.754.1298
6 |
7 | Attorneys for Defendant SSC TARZANA OPERATING
COMPANY LP d/b/a TARZANA REHABILITATION CENTER

**CONFORMED COPY**
**ORIGINAL FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 03 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

8 |                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 |                      FOR THE COUNTY OF LOS ANGELES

10 |                            CENTRAL DIVISION

11 | ELVIAR ANTENOR, an individual,           Case No. BC515789

12 |            Plaintiff,                     [Assigned for all purposes to The Honorable
                                               Suzanne G. Bruguera, Dept. 71]
13 |      vs.

14 | SSC TARZANA OPERATING COMPANY           **PEREMPTORY CHALLENGE BY**
LP d/b/a SAVA SENIOR CARE, TARZANA         **DEFENDANT SSC TARZANA**
15 | REHABILITATION CENTER, a Delaware        **OPERATING COMPANY LP d/b/a**
Corporation; and DOES 1 through 100,        **TARZANA REHABILITATION CENTER**
16 | inclusive.                               **PURSUANT TO CODE OF CIVIL**
                                             **PROCEDURE SECTION 170.6;**
17 |            Defendants.                    **DECLARATION OF JOHN P.**
                                             **MIGLIARINI IN SUPPORT**
18 |

19 |

20 |                                          Action Filed:    July 19, 2013
                                            Trial Date:      None Set
21 |

22 |        Defendant  SSC  TARZANA  OPERATING  COMPANY  LP  d/b/a  TARZANA

23 | REHABILITATION CENTER ("Defendant") moves this Court for an Order disqualifying Judge

24 | Suzanne G. Bruguera from hearing the above-entitled action. This Motion is made pursuant to

25 | California Code of Civil Procedure Section 170.6 on the grounds that Defendant believes that

26 | Judge Bruguera may be prejudiced against Defendant, or the interests of Defendant, or

27 | Defendant's counsel. Thus, a fair and impartial hearing cannot be had in this matter. This

16110531_1.docx

28 |

1

Peremptory Challenge (Code Civ. Proc., § 170.6); Supporting Declaration

BY FAX

1   Motion is based on the matters stated herein, the supporting Declaration of John P. Migliarini

2   attached hereto, and such oral and documentary evidence as may be relevant to this Motion.

3

4   DATED:  October 3, 2013                    OGLETREE, DEAKINS, NASH, SMOAK &
                                               STEWART, P.C.
5

6

7                                              By: _____
                                                   Dawn M. Knepper
8                                                  John P. Migliarini

9                                              Attorneys for Defendant SSC TARZANA
                                               OPERATING COMPANY LP d/b/a
10                                             TARZANA REHABILITATION CENTER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16110571_1.docx

                                               2

1

## DECLARATION OF JOHN P. MIGLIARINI

2 I, John P. Migliarini, declare as follows:

3  1. I am an attorney licensed to practice before all courts of the State of California.

4  2. I am an associate with Ogletree, Deakins, Nash, Stewart, & Smoak, P.C.,

5 attorneys of record for Defendant SSC Tarzana Operating Company LP d/b/a Tarzana

6 Rehabilitation Center ("Defendant").

7  3. I have personal knowledge of the matters set forth in this Declaration, and if

8 called to testify, I would and could testify competently thereto.

9  4. I submit this Declaration in support of Defendant's Motion for an Order

10 disqualifying Judge Suzanne G. Bruguera from presiding over this action pursuant to California

11 Code of Civil Procedure Section 170.6.

12  5. I have information that leads me to believe that Judge Bruguera may be

13 prejudiced against Defendants, their interests, and/or their attorneys.  Therefore, I do not believe

14 that Defendants could have fair and impartial proceedings before Judge Bruguera.

15  6. This peremptory challenge is timely under California *Code of Civil Procedure*

16 section 170.6(a)(2) in that this challenge is being made within 15 days of Defendant's general

17 appearance in this action.

18  7. Judge Bruguera has not yet ruled on any contested issue of law or fact in this

19 action.

20  8. Accordingly, Defendant requests that Judge Bruguera be disqualified under

21 Section 170.6 of the Code of Civil Procedure from presiding over this matter.

22 I declare under penalty of perjury under the laws of the State of California that the

23 foregoing is true and correct.  This Declaration is executed this 3rd day of October 2013, at Costa

24 Mesa, California.

25

26            _____

               John P. Migliarini

27

16110571_1.docx

28

Peremptory Challenge (Code Civ. Proc., § 170.6); Supporting Declaration Exhibit A

**PROOF OF SERVICE**
Case No. BC515789

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On October 3, 2013, I served the following document(s):

**PEREMPTORY CHALLENGE BY DEFENDANT SSC TARZANA OPERATING COMPANY LP d/b/a TARZANA REHABILITATION CENTER PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 170.6; DECLARATION OF JOHN P. MIGLIARINI IN SUPPORT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY HAND:** By placing the documents in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for delivery.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 3, 2013, at Costa Mesa, California.

Karly Kolisch
Type or Print Name

Signature

16110571_1.docx

4

1

## SERVICE LIST

2

3  Joseph M. Lovretovich, Esq.              Attorneys for Plaintiff
   Ellen E. Cohen, Esq.                     ELVIAR ANTENOR
4  Tiffany Lee, Esq.
   JML Law
5  21052 Oxnard Street
   Woodland Hills, CA 91367
6  TEL:   (818) 610-8800
   FAX:   (818) 610-3030
7

8

9

10                                                                    16110571.1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16110571_1.docx

Peremptory Challenge (Code Civ. Proc., § 170.6); Supporting Declaration

# EXHIBIT B

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Joseph M. Lovretovich SBN 73403<br>Law Offices of Joseph M. Lovretovich<br>5941 Variel Ave.<br>Woodland Hills, CA 91367<br><br>TELEPHONE NO.: 818-610-8800   FAX NO. *(Optional):* 818-610-3030<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District

PLAINTIFF/PETITIONER: Elviar Antenor

DEFENDANT/RESPONDENT: SSC Tarzana Operating Company LP, et al

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>BC515789 |
|---|---|

TO *(insert name of party being served):* SSC Tarzana Operating Company LP

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 8-15-13

Tad A. Kuchar
            (TYPE OR PRINT NAME)                    (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑ A copy of the summons and of the complaint.
2. ☑ Other *(specify):*
       Civil Case Cover Sheet; Notice of Case Reassignment; ADR Information; Civil Case Cover Sheet
       Addendum

*(To be completed by recipient):*

Date this form is signed: 4/3/13

Dawn M. Knopper on behalf of
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,          (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)              ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)
SSC Tarzana Operating Company LP

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov |
|---|---|---|

Exhibit B
Page 62

# EXHIBIT C

Exhibit C
Page 63

06/00/2013  12:19:27 FAX 2132499990                    NATIONWIDE LEGAL



CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

OCT 02 2013

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
SHAURYA WESLEY

1   Dawn M. Knepper, CA Bar No. 208862
    dawn.knepper@ogletreedeakins.com
2   John P. Migliarini, CA Bar No. 266920
    john.migliarini@ogletreedeakins.com
3   OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
    Park Tower, Suite 1500
4   695 Town Center Drive
    Costa Mesa, CA  92626
5   Telephone:   714.800.7900
    Facsimile:   714.754.1298
6
    Attorneys for Defendant SSC TARZANA OPERATING
7   COMPANY LP d/b/a TARZANA REHABILITATION CENTER

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF LOS ANGELES

10                         CENTRAL DIVISION

11  ELVIAR ANTENOR, an individual,          Case No. BC515789

12              Plaintiff,                   [Assigned for all purposes to The Honorable
                                             Suzanne G. Bruguera, Dept. 71]
13        vs.

14  SSC TARZANA OPERATING COMPANY           DEFENDANT'S ANSWER TO
    LP d/b/a SAVA SENIOR CARE, TARZANA       PLAINTIFF'S COMPLAINT
15  REHABILITATION CENTER, a Delaware
    Corporation; and DOES 1 through 100,     Action Filed:    July 19, 2013
16  inclusive.                               Trial Date:      None Set
17              Defendants.

18

19

20        TO PLAINTIFF ELVIAR ANTENOR AND HER ATTORNEYS OF RECORD:

21        Defendant SSC TARZANA OPERATING COMPANY LP (incorrectly named as SSC

22  TARZANA OPERATING COMPANY LP d/b/a SAVA SENIOR CARE, TARZANA

23  REHABILITATION CENTER) ("Defendant"), hereby responds to the unverified Complaint

24  ("Complaint") filed by plaintiff ELVIAR ANTENOR ("Plaintiff") as follows:

25  ///

26  ///

27  ///

28  ///

16035580_1.d                                             Case No. BC515789
          DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit C
Page 64

**GENERAL AND SPECIFIC DENIALS**

Pursuant to the provisions of *Code of Civil Procedure* section 431.30(d), Defendant denies, generally and specifically, each and every allegation contained in the Complaint filed herein by Plaintiff. Defendant denies, generally and specifically, that Plaintiff has been damaged in any sum, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

**AFFIRMATIVE DEFENSES**

Without waiving the foregoing, Defendant asserts the following separate and distinct affirmative defenses to Plaintiff's Complaint and each purported cause of action therein and prays for judgment as set forth below.

Defendant also hereby gives notice that it intends to rely upon such other and further affirmative defenses as may become available during investigation and discovery in this action. Defendant reserves the right to amend this Answer to assert any such defenses based on such investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

1.     Defendant alleges that the Complaint, and each cause of action alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Statutes of Limitations)**

2.     Defendant alleges that the causes of action stated in the Complaint are barred by the applicable statutes of limitations, including, but not limited to: California *Government Code* sections 12960(d) and 12965(b); California *Code of Civil Procedure* sections 203, 335.1, 337, 338, 339, 340(a), and 343; California *Business and Professions Code* section 17208; 29 U.S.C. § 2617(c).

16035500_1.doc

1

Case No. BC515789
Exhibit C
Page 65

**THIRD AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

3.     Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, to the extent that Plaintiff failed to timely exhaust her administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences — No Damages)**

4.     Defendant alleges that Plaintiff's prayers for general damages, compensatory damages, special damages and punitive damages regarding each cause of action stated in the Complaint are barred under California law by the doctrine of avoidable consequences, as set forth in *State Department of Health Services v. Superior Court (McGinnis)* (2003) 31 Cal.4th 1026, on the grounds that Plaintiff unreasonably failed to make use of Defendant's complaint procedures, and Plaintiff's alleged damages could have been avoided in whole or in part by reasonable use of these procedures.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

5.     Defendant alleges that Plaintiff failed, and continues to fail, to mitigate by the exercise of reasonable effort and/or care any damages allegedly caused to her by the acts in which Defendant allegedly engaged.

**SIXTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

6.     Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, because Plaintiff's employment status was for no specific term and therefore terminable at-will pursuant to California *Labor Code* Section 2922.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith Belief)**

7.     Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's work status were reasonably based on the facts as Defendant understood them.

16035500_1.doc

2

DEFENDANT'S ANSWER TO COMPLAINT

Case No. BC515789

Exhibit C
Page 66

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

8.     Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, pursuant to the doctrine of "unclean hands" to the extent that Plaintiff engaged in conduct which proximately caused or contributed to any and all injuries Plaintiff allegedly suffered.

## NINTH AFFIRMATIVE DEFENSE

### (Laches and Waiver)

9.     Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, by the doctrines of laches and waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

10.     Defendant alleges that the causes of action stated in the Complaint are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Facts Alleged Insufficient to Support Claim for Punitive Damages)

11.     Defendant alleges that Plaintiff is not entitled to recover punitive damages because Plaintiff has failed to allege facts sufficient to state a claim for punitive damages or to show that Defendant engaged in oppressive, fraudulent or malicious conduct.

## TWELFTH AFFIRMATIVE DEFENSE

### (Punitive Damages Violate Procedural and Substantive Due Process)

12.     Defendant alleges that Plaintiff is not entitled to recover any punitive damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law as applied to the facts of this specific action would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including, but not limited to, the due process clauses of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

/ / /

16035500_1.doc

3

Case No. BC515789

DEFENDANT'S ANSWER TO COMPLAINT

Exhibit C
Page 67

1

## THIRTEENTH AFFIRMATIVE DEFENSE

2

### (Exclusivity of Workers' Compensation Act)

3       13.     Defendant alleges that the causes of action stated in the Complaint are barred, in

4  whole or in part, by the exclusivity provisions of the California Workers' Compensation Act,

5  *Labor Code* Section 3600, *et seq.*

6

## FOURTEENTH AFFIRMATIVE DEFENSE

7

### (After-Acquired Evidence Doctrine)

8       14.     Defendant alleges that the causes of action stated in the Complaint are barred, in

9  whole or in part, by the after-acquired evidence doctrine.

10

## FIFTEENTH AFFIRMATIVE DEFENSE

11

### (Business and Professions Code § 17200)

12       15.     Defendant alleges that Plaintiff's claim under the *Business and Professions Code*

13  is barred, in whole or in part, by the damages limitation set forth in California *Business and*

14  *Professions Code* section 17200.

15

## SIXTEENTH AFFIRMATIVE DEFENSE

16

### (De Minimis)

17       16.     Defendant alleges that Plaintiff's claims for relief based on any violation of

18  California's *Labor Code* and/or wage and hour laws are barred on the grounds that any such

19  violations were *de minimis,* and ignoring the *de minimis* violation of the law, if any, Defendant

20  complied with its obligations under the California *Labor Code* and/or wage and hour law.

21

## SEVENTEENTH AFFIRMATIVE DEFENSE

22

### (Good Faith Dispute)

23       17.     Defendant alleges that Plaintiff's claims for waiting time penalties under

24  California *Labor Code* section 203 should be denied because a good faith dispute exists as to

25  whether any wages are due.

26  */ / /*

27  */ / /*

28  */ / /*

16035500_1.doc

4

Case No. BC515789

Exhibit C
Page 68

1

**EIGHTEENTH AFFIRMATIVE DEFENSE**

2

**(Lacks Standing)**

3       18.    Defendant alleges that Plaintiff lacks standing to bring this Complaint because,

4 pursuant to Section 17200 of the *Business & Professions* Code, Plaintiff did not suffer any injury

5 in fact, and has not lost money or property as a result of alleged unfair competition by

6 Defendant.

7

**NINETEENTH AFFIRMATIVE DEFENSE**

8

**(Waiver of Meal and Rest Periods)**

9       19.    Defendant alleges that Plaintiff's claims are barred, in whole or in part, by her

10 waiver of the right to meal and/or rest breaks in accordance with applicable law.

11

**TWENTIETH AFFIRMATIVE DEFENSE**

12

**(Interactive Process)**

13       20.    Defendant alleges that Plaintiff's purported cause of action based on failure to

14 engage in the interactive process fails as Plaintiff did not request any accommodations for any

15 disability and, to the extent that any such requests were made, any breakdown in the interactive

16 process was caused by Plaintiff.

17

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

18

**(Undue Hardship)**

19       21.    Defendant alleges that the causes of action stated in the Complaint are barred, in

20 whole or in part, to the extent that Plaintiff's alleged disability could not have been

21 accommodated without imposing an undue hardship upon Defendant.

22

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

23

**(Bona Fide Qualification)**

24       22.    Defendant alleges that Plaintiff's purported causes of action are barred, in whole

25 or in part, to the extent that Defendant's alleged discriminatory practice is justified as Plaintiff is

26 unable to safely and efficiently perform the job in question and because the essence of the

27 business operation would otherwise be undermined.

28   / / /

16035500_1.doc

---

5

Case No. BC515789

DEFENDANT'S ANSWER TO COMPLAINT

Exhibit C

Page 69

1

### TWENTY-THIRD AFFIRMATIVE DEFENSE

2

**(Health and Safety of Plaintiff and/or Others)**

3      23.     Defendant alleges that Plaintiff's causes of action are barred, in whole or in part,

4   to the extent that Plaintiff was unable to perform an essential duty without endangering her

5   health or the safety of others, even with reasonable accommodations.

6

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

7

**(Outside Scope of Employment)**

8      24.     Defendant alleges that the causes of action stated in the Complaint are barred, in

9   whole or in part, because, if the alleged conduct occurred, it occurred outside the normal course and

10  scope of employment of Defendant's agents or employees, if any, and was not authorized or ratified by

11  Defendant.

12

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

13

**(Third Party Liability)**

14     25.     Defendant alleges that any alleged emotional, mental and/or physical injury

15  suffered by Plaintiff was proximately caused in whole or in part by the acts and/or omissions of

16  persons and entities other than Defendant, including the acts and omissions of Plaintiff herself.

17

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

18

**(Comparative Fault)**

19     26.     Defendant alleges that any damages allegedly suffered by Plaintiff were directly

20  and proximately caused and/or contributed to by Plaintiff's own negligence and comparative

21  fault, or the negligence and fault of other persons and entities and therefore any recovery by

22  Plaintiff against Defendant should be offset, diminished and reduced in accord with the

23  principles of comparative fault.

24

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

25

**(Appropriate Remedial Action)**

26     27.     Defendant alleges that the causes of action stated in the Complaint are barred, in

27  whole or in part, as Defendant took all reasonable steps to prevent any alleged retaliation once

28

16035500_1.doc

1  Defendant was made aware of Plaintiff's complaint(s), if Plaintiff in fact complained. *Wellpoint*

2  *Health Networks v. Superior Court* (1997) 59 Cal. App. 4th 110.

3  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

4  ### (Lack of Knowledge as to Retaliation)

5  28.    Defendant alleges that the causes of action stated in the Complaint are barred, in

6  whole or in part, as Defendant had no knowledge that Plaintiff was subject to retaliation as

7  alleged in the complaint. *Wellpoint Health Networks v. Superior Court* (1997) 59 Cal. App. 4th

8  110.

9  ## TWENTY-NINTH AFFIRMATIVE DEFENSE

10  ### (No Greater Rights)

11  29.    Defendant alleges that the causes of action stated in the Complaint are barred, in

12  whole or in part, as Plaintiff possessed no greater rights than if she had been continuously

13  employed during the CFRA leave period.

14  ## THIRTIETH AFFIRMATIVE DEFENSE

15  ### (Legitimate Business Reason)

16  30.    Defendant alleges that any recovery on the Complaint is barred in whole or in part

17  on grounds that any actions taken by Defendants were reasonable in response to legitimate

18  business necessities, and were taken for legitimate nondiscriminatory and/or non-retaliatory

19  reasons.

20  ## THIRTY-FIRST AFFIRMATIVE DEFENSE

21  ### (Lack of Knowledge of Alleged Disability/Medical Condition)

22  31.    Defendant alleges that Plaintiff's causes of action based on disability discrimination

23  are barred because Defendants had no knowledge of any alleged disability.

24  ## THIRTY-SECOND AFFIRMATIVE DEFENSE

25  ### (Absence of Proximate Cause)

26  32.    Defendant alleges that the causes of action stated in the Complaint are barred, in

27  whole or in part, by the absence of proximate cause between Defendants' alleged acts and/or

28  omissions and Plaintiff's alleged losses or injuries.

16035500_1.doc

7

Case No. BC515789

DEFENDANT'S ANSWER TO COMPLAINT

Exhibit C
Page 71

1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

2

#### (Mixed Motive)

3       33.     Defendant alleges that Plaintiff's purported causes of action are barred because by

4 the mixed motive affirmative defense.

5

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

6

#### (Arbitration)

7       34.     Defendant alleges Plaintiff is required to arbitrate the claims raised in the

8 Complaint, pursuant to an enforceable arbitration agreement that she signed with Defendant.

9

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

10

#### (No Punitive Damages Against Corporate Defendant)

11       35.     Plaintiff is not entitled to recover punitive or exemplary damages for the alleged

12 acts referred to in the Complaint on the grounds that said acts, if any, were performed by an

13 employee or employees of Defendant and that none of Defendant's officers, directors or

14 managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did

15 Defendant or its officers, directors or managing agents have advance knowledge of the unfitness,

16 if any, of the employee or employees who allegedly committed said acts, nor did Defendant

17 employ said employee(s) with a conscious disregard of the rights or safety of others. California

18 Civ. Code section 3294.

19

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

20

#### (Injunctive Relief Improper)

21       36.     Plaintiff is not entitled to injunctive relief because Defendant did not intentionally

22 engage in any unlawful conduct and, in any event, Defendant's conduct with respect to Plaintiff

23 was privileged, justified, in good faith, and without improper motive, malice, purpose, means or

24 intent.

25     WHEREFORE, Defendant prays as follows:

26     1.     For entry of judgment in favor of Defendant and against Plaintiff;

27     2.     That Plaintiff take nothing by way of her Complaint;

28     3.     That Defendant be awarded costs of suit herein;

16035500_1.doc

8

DEFENDANT'S ANSWER TO COMPLAINT

Case No. BC515789

Exhibit C
Page 72

4.    That Defendant be awarded actual attorney fees incurred in defending this suit; and

5.    For such other and further relief as this Court may deem just and proper.

DATED:  October 2, 2013

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Dawn M. Knepper
John P. Migliarini
Attorneys for Defendant,
SSC TARZANA OPERATING COMPANY LP
d/b/a TARZANA REHABILITATION
CENTER

16035500_1.doc

9

DEFENDANT'S ANSWER TO COMPLAINT

Case No. BC515789

Exhibit C
Page 73

**PROOF OF SERVICE**
Case No. BC515789

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

    On October 2, 2013, I served the following document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY HAND:** By placing the documents in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for delivery.

☐    **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 2, 2013, at Costa Mesa, California.

Karly Kolisch
Type or Print Name

_Signature_

1

## SERVICE LIST

2

3   Joseph M. Lovretovich, Esq.              Attorneys for Plaintiff
    Ellen E. Cohen, Esq.                     ELVIAR ANTENOR
4   Tiffany Lee, Esq.
    JML Law
5   21052 Oxnard Street
    Woodland Hills, CA 91367
6   Tel:    (818) 610-8800
    FAX:    (818) 610-3030
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

PROOF OF SERVICE

Exhibit C
Page 75

**PROOF OF SERVICE**
*Antenor v. SSC Tarzana, et al.*
Case No.

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On October 3, 2013, I served the following document(s):

**DEFENDANT'S NOTICE OF REMOVAL**

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 3, 2013, at Costa Mesa, California.

Karly Kolisch
Type or Print Name                                    Signature

1
PROOF OF SERVICE

1

<u>**SERVICE LIST**</u>

2

Joseph M. Lovretovich, Esq.
Ellen E. Cohen, Esq.
3
Tiffany Lee, Esq.
JML Law
4
21052 Oxnard Street
Woodland Hills, CA 91367
5
TEL: (818) 610-8800
FAX: (818) 610-3030
6
**Attorney for Plaintiff, ELVIAR ANTENOR**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Dolly M. Gee_____ and the assigned Magistrate Judge is _____Stephen J. Hillman_____ .

The case number on all documents filed with the Court should read as follows:

### 2:13CV7336 DMG SHx

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

_____October 3, 2013_____
Date

By  J.Prado
Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

| | | |
|---|---|---|
| [x] Western Division | [ ] Southern Division | [ ] Eastern Division |
| 312 N. Spring Street, G-8 | 411 West Fourth St., Ste 1053 | 3470 Twelfth Street, Room 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701 | Riverside, CA 92501 |

**Failure to file at the proper location will result in your documents being returned to you.**



COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

Elviar Antenor

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

SSC Tarzana Operating Company LP dba Tarzana Rehabilitation Center

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Joseph M. Lovretovich/Ellen E. Cohen/Tiffany Lee
JML Law
21052 Oxnard Street, Woodland Hills, CA 91367
Tel: (818) 610-8800    Fax: (818) 610-3030

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.)
Dawn M. Knepper/John P. Migliarini
Ogletree, Deakins, Nash, Smoak & Stewart, PC
695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626
Tel: (714) 800-7900    Fax: (714) 754-1298

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No  (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No     ☐ **MONEY DEMANDED IN COMPLAINT:** $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C § 1441 § 1446

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Exc . Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cab e/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☒ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

CV13-7336

**FOR OFFICE USE ONLY:**    Case Number:

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes  [ ] No | [x] Los Angeles | Western |
| If "no, " go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF? Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT? Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| [ ] Yes  [x] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of claims arose: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION. Enter "Southern" in response to Question D, below. | Your case will initially be assigned to the EASTERN DIVISION. Enter "Eastern" in response to Question D, below. |
| If none applies, answer question C2 to the right. ➡ | If none applies, go to the box below. ⬇ |

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | WESTERN |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

### CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [x] NO   [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [x] NO   [ ] YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   [ ] A. Arise from the same or closely related transactions, happenings, or events; or

[ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____   DATE: October 3, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**PROOF OF SERVICE**
*Antenor v. SSC Tarzana, et al.*
Case No.

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On October 3, 2013, I served the following document(s):

**CIVIL CASE COVER SHEET**

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on October 3, 2013, at Costa Mesa, California.

Karly Kolisch
Type or Print Name

Signature

1
PROOF OF SERVICE

1

<u>**SERVICE LIST**</u>

2

Joseph M. Lovretovich, Esq.
Ellen E. Cohen, Esq.

3

Tiffany Lee, Esq.
JML Law

4

21052 Oxnard Street
Woodland Hills, CA 91367

5

TEL:  (818) 610-8800
FAX: (818) 610-3030

6

**Attorney for Plaintiff, ELVIAR ANTENOR**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28